UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RODOLFO EDUARDO PEREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV419-007 |
| | ) | |
| MR. MILTON and MR. CIRONE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Proceeding *pro se* and *in forma pauperis*, plaintiff Rodolfo Eduardo Perez has filed this 42 U.S.C. § 1983 action alleging that he has been deprived of access to an accessible shower while incarcerated at Coastal State Prison.  *See* Doc. 1.  The Court granted Perez's request to pursue his case *in forma pauperis* (IFP), doc. 3, and in lieu of complying, he has filed a motion to stay the case until he is released from prison later this year, doc. 4.  Because his Complaint must be dismissed pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official,[1] his request to stay the case is **DENIED**.

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most

An inmate must exhaust administrative remedies before filing a § 1983 action challenging prison conditions. 42 U.S.C. § 1997e(a); *Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008). Section 1997e(a)'s exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Section 1997e(a)'s exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216 F.3d 970 (2000) (en banc); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").[2] Simply put, if an administrative remedy is "available," it *must* be exhausted. 42 U.S.C.

---

favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2]   Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

2

§ 1997e(a).

The failure to exhaust is an affirmative defense, however, and inmates are not *required* to specially plead or demonstrate exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). But the normal pleading rules still apply: when it is clear from the face of the Complaint that a prisoner cannot state a claim for relief, dismissal at screening is appropriate. *Cole v. Secretary, Dep't of Corr.*, 451 F. App'x 827, 828 (11th Cir. 2011) ("[A] complaint may be dismissed under § 1915A(b) if lack of exhaustion appears on the face of the complaint."); *see Dollar v. Coweta County Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). In other words, when a prisoner's Complaint establishes that he has made no effort to exhaust his available administrative remedies, the Court must dismiss the Complaint at screening. *See Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007); *Cole v. Ellis*, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010); *Rashid v. Liberty County Jail*, 2010 WL 3239241, at *1 n. 1 (S.D. Ga. May 3, 2010).

Here, it is apparent from the face of the Complaint both that a grievance procedure is available and that Perez did not file any grievances related to his claims under the Eighth Amendment or Americans with

Disabilities Act. Doc. 1 at 6-7. He admits that he has not filed any grievance at Coastal State Prison, or any other correctional facility. *Id.* at 7.[3] As discussed, exhaustion is mandatory, and there is no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1324-26 (11th Cir. 1998). The Complaint should be **DISMISSED without prejudice** on nonexhaustion grounds. His motion to stay the case is further **DENIED** as moot.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

[3] *See, e.g., Miller v. Pryor*, 315 F. App'x 149, 150 (11th Cir. 2008) (even when transferred to another facility, "Georgia prisoners must file out-of-time grievances to exhaust administrative remedies."); *Prickett v. Lawson*, 2008 WL 5046063, at *2 (S.D. Ga. Nov. 24, 2008) (collecting cases illustrating that the transfer of a prisoner from the facility where the grievance subject arose to another facility does not excuse the prisoner from complying with the first facility's exhaustion requirement).

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 21st day of February, 2019.

/s/ Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA